

ORIGINAL



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANGA INTERNATIONAL, INC., | ) | No. CV 99-**06907**-GHK**(MANx)** |
| Plaintiff[s], | ) | |
| vs. | ) | ORDER RE: CASE MANAGEMENT |
| SHANE MAINE, et al., | ) | **READ IMMEDIATELY** |
| Defendant[s]. | ) | |

This case has been assigned to the calendar of Judge George H. King. The court fully adheres to Rule 1 of the Federal Rules of Civil Procedure, which requires that the Rules be "construed to secure the just, speedy and inexpensive determination of every action."

Counsel shall also be guided by the following special requirements:

1. **To enable the court to evaluate possible disqualification or recusal, counsel for a private (non-governmental) party shall submit in the form provided in Exhibit 1 attached herewith, a certificate of identification of any corporate or other parents, subsidiaries, or affiliates of that party which are publicly held. Counsel shall file**

1 said certification within seven (7) days of receiving a copy of this
2 Order.

3     2.  Plaintiff shall _promptly_ serve the complaint in accordance with
4 Fed. R. Civ. P. 4 and file proofs of service pursuant to Local Rule 5.8.

5     3.  The attorney attending any proceeding before this court must be
6 the attorney who is primarily responsible for the conduct of the case.

7     4.  **COURTESY COPIES:  A courtesy copy of all papers filed with the**
8 **court shall be delivered to chambers at Room 670, Roybal Federal**
9 **Building, on the day of filing.**

10     5.  MOTIONS:

11     (a)  Motions shall be filed and set for hearing in accordance
12 with Local Rule 7.  Motions are heard on Mondays at 9:30 a.m. unless
13 otherwise ordered by the court.  If a Monday is a national holiday, this
14 court DOES NOT hear motions on the succeeding Tuesday.  Any motions
15 noticed for a holiday shall automatically be continued to the next
16 Monday.

17     Counsel should take special note of the recent changes to
18 the Local Rules which affect motion practice in this court.  Among other
19 things, counsel should be aware that Local Rule 7.4.1 requires that
20 counsel engage in a pre-filing conference "to discuss thoroughly . . .
21 the substance of the contemplated motion and any potential resolution."
22 The court expects counsel to discharge their obligation under Locl Rule
23 7.4.1 in good faith.  Even if a motion is still necessary after a good
24 faith pre-filing conference, counsel should have sufficiently discussed
25 the issues so that the briefing will be directed to those substantive
26 issues which require resolution by the court.  Minor procedural or other
27 non-substantive matters should be resolved by counsel during the course
28 of the conference.

1          Counsel should also take note that Local Rule 3.10 limits
2  all memoranda of points and authorities to "25 pages in length, excluding
3  indices and exhibits, unless permitted by order of the judge." The court
4  is of the view that the 25-page limitation is more than adequate for
5  counsel to set forth his/her points and authorities, especially if
6  counsel carefully reviews and edits the memorandum to ensure a concise
7  and focused presentation. Accordingly, routine requests to exceed the
8  page limitation will be **DENIED**. Leave to exceed the page limitation
9  will be granted only in extraordinary circumstances where counsel makes
10 an adequate showing of specific facts in support of an application to
11 exceed the page limitation.

12         (b)   Unless clearly justified under the circumstances of the
13 case, "motions to dismiss or in the alternative for summary
14 adjudication" are discouraged. These composite motions tend to blur the
15 legitimate distinction[s] between the two motions, which have different
16 purposes. Frequently, the composite motions introduce evidence that is
17 extrinsic to the pleadings. On the one hand, such evidence is improper
18 for consideration on a Fed. R. Civ. P. 12(b)(6) motion, while on the
19 other hand, treatment of the motion as a Rule 56 motion frequently
20 results in reasonable invocation of Rule 56(f) by the non-moving party.

21         (c)   Moreover, Rule 12(b)(6) motions are discouraged unless
22 counsel has a good faith belief that such motion will likely result in
23 dismissal, without leave to amend, of all or at least some of the claims
24 under applicable law.

25         (d)   No party may file more than one motion pursuant to
26 F.R.C.P. 56 regardless of whether such motion is denominated as a motion
27 for summary judgment or summary adjudication.

28

6.   DISCOVERY:   ALL DISCOVERY MATTERS ARE REFERRED TO A UNITED STATES MAGISTRATE JUDGE (see initials in parentheses following the case number).   Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge.   The court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes. Counsel are directed to contact the clerk for the assigned Magistrate Judge to schedule matters for hearing.   The words DISCOVERY MATTER shall appear in the caption of all documents relating to discovery to ensure proper routing.

The decision of the Magistrate Judge shall be final and binding, subject to modification by the District Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

7. EX PARTE APPLICATIONS:   Ex Parte Applications are considered on the papers and are not normally set for hearing.   Counsel are advised to file and serve their ex parte applications as soon as they realize that extraordinary relief is necessary.   This court entertains ex parte applications only in extraordinary circumstances -- sanctions may be imposed for misuse of ex parte applications.   See In Re: Intermagnetics America, Inc., 101 Bankr. 191 (C.D. Cal. 1989).   The requesting party shall serve the application by personal delivery or fax, and notify the responding party that opposing papers must be filed within 24 hours of such service.   Moreover, at the time of the application, the applicant shall comply with Local Rule 7.18.1, which inter alia, requires the applicant to advise the court in writing of the efforts to contact opposing counsel and of that counsel's intention to oppose the application.   The moving party's declaration in support of an ex parte

1  application shall affirmatively show compliance with Local Rule 7.18 and
2  this Order, failing which the application shall be DENIED.

3      8.   TRIAL PREPARATION:   This court strives to set trial dates as
4  early as possible and does not approve of unnecessarily protracted
5  discovery.

6      9.   CONTINUANCES:   Continuances are granted only upon a showing of
7  good cause.   Counsel requesting a continuance MUST submit a DETAILED
8  declaration setting forth the reason therefor.     Any continuances
9  requested but not accompanied by said declaration will be rejected.   The
10 court sets FIRM trial dates and will not change them without a showing
11 of good cause.   FIRM trial dates are defined as dates on which counsel
12 must be ready to proceed; however, the court may trail the action on 48
13 hours call in the event that a criminal case, an older civil case, or a
14 case otherwise entitled to precedence by law, proceeds to trial on said
15 date.

16     10.   STIPULATIONS:   NO stipulations extending scheduling dates set
17 by this court are effective unless approved by the court.     All
18 stipulations must be accompanied by a DETAILED declaration explaining
19 the reason for the stipulation.   Any stipulation not in compliance with
20 this Order or the Local Rules of the Central District will be rejected.
21 Stipulations shall be submitted well in advance of the relief requested.
22 Counsel wishing to know whether or not a stipulation has been approved
23 shall comply with Local Rule 3.5.5.

24     11.   NOTICE OF REMOVAL:   All documents filed in state court,
25 including answers and documents appended to a complaint, MUST be refiled
26 in this court as a supplement or exhibit to the Notice of Removal.   If
27 an answer has not as yet been filed, said answer or responsive pleading
28 shall be filed in accordance with the Federal Rules of Civil Procedure

5

1  and the Local Rules of the Central District.  Any pending motions must

2  be re-noticed in accordance with Local Rule 7.

3      12.  BANKRUPTCY APPEALS:  Counsel shall comply with the ORDER RE

4  PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the

5  time the appeal is filed in the District Court.  The matter is

6  considered submitted upon the filing of the appellant's reply brief.  No

7  oral argument is held unless by order of this court.

8      13.  EARLY MEETING OF COUNSEL:  Counsel shall comply with Local

9  Rule 6.1, and in addition thereto, shall confer with respect to those

10  items identified in ¶ 13a-j, _infra_.

11      14.  PREPARATION FOR STATUS CONFERENCE:  Immediately following the

12  early meeting of counsel, counsel shall, in lieu of the Report of Early

13  Meeting required by Local Rule 6.2, prepare a joint status report

14  setting forth the following information:

15      a.  Basis of subject-matter jurisdiction;

16      b.  Concise statement of the factual and legal basis of the

17         claims and defenses;

18      c.  Proposed cut-off date by which all discovery shall be

19         completed;

20      d.  Proposed dates for Pre-Trial Conference and Trial;

21      e.  Major procedural or evidentiary problems;

22      f.  Prospects of settlement and proposed last date for compliance

23         with Local Rule 23;

24      g.  An estimate of the number of court days required to present

25         each side's case-in-chief;

26      h.  Whether trial is to be by jury or by the court;

27      i.  The name of the attorney(s) who will actually try the

28         case on the assigned trial date.  The attorney(s) who are

1  designated to try the case or an attorney with full knowledge
2  of the case and who can commit to the dates must be present
3  during the scheduled Mandatory Status Conference and at the
4  later-scheduled Pre-Trial Conference;

5  j.  Prospects of counsel exercising their right under 28 U.S.C.
6  § 636 to consent to the designation of a Magistrate Judge to
7  conduct all proceedings (including trial) and final
8  disposition pursuant to General Order 194-G.  In this regard,
9  counsel should note that they may select any Magistrate Judge
10  (i.e., counsel are not limited to consenting to the Magistrate
11  Judge assigned to this case) for such purposes, as long as all
12  parties concur.  Counsel should also note that the Magistrate
13  Judges will set their own discovery schedules and will be able
14  to give counsel a "date certain" for trial.

15  The Joint Status Report shall be filed no later than fourteen
16  (14) days after the Early Meeting of Counsel.  At the time of the filing
17  of the Joint Status Report, counsel shall also file a separate document
18  entitled **"Joint Notice of Mandatory Status Conference**," which shall
19  schedule the status conference on the court's calendar on the first
20  Monday three weeks hence, at 1:30 P.M., in Courtroom 660, Roybal Federal
21  Building and Courthouse, 255 East Temple Street, Los Angeles, California
22  90012.  If that Monday is a holiday, the joint notice shall designate
23  the immediately following Monday.

24  The court views this status conference as critical to its case
25  management responsibilities.  Counsel are required to approach it with
26  the same seriousness.

27  15.  NOTICE:  Counsel for plaintiff, or plaintiff if appearing on
28  his or her own behalf, in an action commenced in this court, and counsel

1  for defendant or defendant in pro per in a removed action, shall serve
2  a copy of this Order on all other parties or their counsel at the
3  earliest possible time.  Counsel, or any party required to give notice
4  of this Order, shall file proof of service of such notice within 48
5  hours of the service of such notice.

6       16.  SANCTIONS:  <u>Any party or counsel who fails to participate
7  knowledgeably in the status conference, or fails to comply strictly with
8  this Order, may be sanctioned by the court</u>.

9       IT IS SO ORDERED.
10      DATED:  This ____ day of July, 1999.

                                        _____
                                        GEORGE H. KING
                                        United States District Judge

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

)
)
)
)
)
)   Case No.
)
)
)
)
)
_____)

PURSUANT TO PARAGRAPH 1 OF THE COURT'S ORDER RE: CASE MANAGEMENT, AND TO ENABLE THE COURT TO EVALUATE POSSIBLE DISQUALIFICATION OR RECUSAL, THE UNDERSIGNED COUNSEL FOR _____ _____ (A PRIVATE NON-GOVERNMENTAL PARTY) CERTIFIES THAT THE FOLLOWING ARE CORPORATE PARENTS, AFFILIATES AND/OR SUBSIDIARIES OF SAID PARTY WHICH ARE PUBLICLY HELD.

DATE: _____        _____
                                     NAME AND SIGNATURE OF ATTORNEY

**Exhibit 1 to Order Re: Case Management
of Judge George H. King**

9